

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN 11

GROVER SELLERS
ATTORNEY GENERAL

Honorable Homer D. Eck
County Auditor
Fayette County
La Grange, Texas

Dear Sir:

Opinion No. O-6260

Re: Whether the County Auditor
of Fayette County is legal-
ly required to audit the
ledger and other books of
the County Superintendent
relating to the County and
District public school funds,
and related questions.

Your letter of October 7, 1944, requesting an opin-
ion of this department contains the following four questions:

"1. Is the County Auditor legally required to audit
the ledger and other books of the County Super-
intendent that relate to the County and District
public school funds?

"2. If your answer to question 1 is in the affirma-
tive, then is the County Superintendent required
to bring such books and ledger to the County
Auditor's office for such audit and examination?

"3. If you answer question No. 2 in the negative,
then is the County Auditor required, and is it the
duty of the County Superintendent to permit the
County Auditor to go to the County Superintendent's
office and examine and audit the books of the
County Superintendent relating to such funds?

"4. Is the County Auditor required to approve school
vouchers drawn upon the various school funds when
such vouchers have been approved by the required
number of school trustees and the County Superin-
tendent when the County Auditor's books reflect
that there are not sufficient funds in such var-
ious funds to pay such vouchers?"

Honorable Homer D. Eck, page 2

Article 1651, Revised Civil Statutes, provides:

"The auditor shall have a general oversight of
all the books and records of all the officers of the
county, district or State, who may be authorized or
required by law to receive or collect any money,
funds, fees or other property for the use of, or be-
longing to, the county; and he shall see to the
strict enforcement of the law governing county finances."

Article 1652 of said statutes, provides:

"The auditor shall install in his office a school
ledger showing an accurate account of all funds received
and disbursed by the common school districts of his
county; a bond register showing all the school bonds is-
sued by the common school districts of his county,
their rate of interest, date issued and maturity date;
and he shall also keep an interest and sinking fund
account of such school bonds."

Article 1653 of said statutes, provides:

"He shall have continual access to and shall
examine all the books, accounts, reports, vouchers
and other records of any officer, the orders of the
commissioners court, relating to finances of the county,
and all vouchers given by the trustee of all common
school districts of the county and shall inquire into
the correctness of same."

Article 1656 of said statutes, provides:

"He shall prescribe and prepare the forms to be
used by all persons in the collection of county revenues,
funds, fees and all other moneys, and the mode and man-
ner of keeping and stating their accounts, and the time,
mode and manner of making their reports to the auditor,
also the mode and manner of making their annual report
of office fees collected and disbursed, and the amount
refunded to the county in excess of those allowed un-
der the general fee bill law. He shall have power to
adopt and enforce such regulations not inconsistent with
the constitution and laws, as he may deem essential
to the speedy and proper collection, checking and ac-
counting of the revenues and other funds and fees be-
longing to the county."

Honorable Homer D. Eck, page 3


        In our opinion O-2734 construing the above statutes,
particularly Article 1653, supra, we held that the auditor has
access to and authority to examine all the books, accounts, re-
ports, vouchers, and other records of all county officers; and
he may examine all vouchers given by trustees of common school
districts, further pointing out that such examination may doubt-
less be worked out between the auditor and such officers. Fur-
ther in our opinion O-2734-A, reviewing every question, we stat-
ed that the manner in which such details are to be worked out
is within the discretion of the auditor and cannot be passed up-
on by this department.

        In a conference opinion, dated June 27, 1917, found
in Book 50, Page 1, of the opinions of the Attorney General,
it was held that the statutes as amended did not confer upon
the county auditor authority to disapprove vouchers drawn on
school funds, and by such disapproval prevent their payment.
In another conference opinion rendered in 1927 this department,
in answering a request from the county auditor of Williamson
County, found in Book 62 on Page 337, opinions of the Attorney
General, held that the county auditor is not required or au-
thorized to pass on the legality of accounts and vouchers for
school funds nor to approve same.

        Article 2690, Revised Civil Statutes, gives the county
superintendent general supervision of all matters pertaining to
public education in his county. Article 2693 of said statutes,
provides: "The county superintendent shall approve all vouchers
legally drawn against the school fund of his county. ...." We
quote from the 1917 conference opinion as follows:

        "His (the county auditor's) authority to examine
    into the correctness of such vouchers to our minds
    was conferred merely for the purpose of giving him
    the right to audit such vouchers and if in his judg-
    ment the same were unlawfully drawn to report the
    same to the proper authorities of the county, for
    such action as might be indicated thereby."

        It is apparent from the foregoing authorities, that the
auditor shall have access to all the books, accounts, reports,
vouchers, and other records of the county school superintendent
relating to school funds, for the purpose of examining and veri-
fying the correctness thereof and make inquiry into the correct-
ness of same.

Honorable Homer D. Eck, page 4

In connection with the foregoing, we are attaching hereto copies of our opinions O-2734 and O-2734-A for your information.

Answering the first three questions presented in your request, it is the opinion of this department that the county auditor is required to examine and verify all the books, accounts, reports, vouchers, and other records of the county superintendent that relate to the county and district school funds. The details for such examination and manner in which it is worked out is within the discretion of the auditor.

Answering your question No. 4, it is the opinion of this department that the county auditor is not required to approve school vouchers drawn upon the various school funds where such vouchers have been approved by the required number of trustees and the county superintendent.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WJRK/JCP
ENCLOSURES

APPROVED OCT 23 1944

APPROVED
OPINION
COMMITTEE
BY BWB

A.W.